IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RICKY RICARDO DANIELS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | 2:13-cv-8016-LSC-PWG |
| ) | 2:98-cr-0282-LSC-PWG |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

The magistrate judge filed a findings and recommendation on December 3, 2013 (Doc. # 14), recommending that the motion to vacate, set aside, or correct sentence ("Motion") be DISMISSED as successive. On December 16, 2013, movant, Ricky Ricardo Daniels ("Movant" or "Daniels") filed pleadings styled as "Objections to Magistrate Report and Recommendation" (Doc. #15) and "Specific Objections to Magistrate Report and Recommendation" (Doc. # 16). The court will treat such filings as objections to the magistrate judge's report and recommendation or, in the alternative, as motions.

Daniels generally objects to the magistrate judge's recommendation that the Motion be dismissed as successive. Daniels argues that he was convicted on the strength of perjured testimony, constituting a due process violation and giving the court jurisdiction to hear the Motion, despite the fact that he has previously challenged his conviction via § 2255. (Doc. # 15). Daniels also makes the following specific objections: (1) that the magistrate judge incorrectly found that Movant failed to show cause; (2) that the magistrate judge assumed that Movant was challenging his trial or conviction under 28 U.S.C. § 2255; (3) that the magistrate judge found Movant's claims to be successive; (4) that the magistrate judge incorrectly found that the court lacked jurisdiction to hear the Motion; (5) that no hearing was held on

Movant's due process claim; (6) that no evidentiary hearing was held; (7) that the court did not receive further evidence; and (8) that the court did not call certain witnesses. (Doc. # 16 at 1-2). Although styled as an objection, Daniels also requests a certificate of appealability (COA) and/or requests that the court instruct him regarding how to obtain a COA or obtain appointed counsel. (Doc. # 16 at 2).[1]

Taking the objections slightly out of order, it is clear that the Motion invokes § 2255. The initial filing consists of a form entitled "Model Form for Motions Under 28 U.S.C. 2255." (Doc. # 1 at 1). More importantly, the Motion is undoubtedly a challenge to Movant's conviction. Daniels challenges his conviction on the ground that it was obtained via perjured testimony, constituting a violation of his right to due process. (Doc. # 15 at 2). Accordingly, Movant's objection on the grounds that the Motion was actually brought pursuant to 28 U.S.C.§ 2241 is without merit.

Understanding that the Motion invokes § 2255, Petitioner's remaining objections can be addressed with relative ease. Congress has provided that, once a federal prisoner has challenged a conviction or sentence via § 2255, he must obtain leave of the appropriate appellate court to file a subsequent § 2255 challenge. 28 U.S.C. §§ 2244; 2255(h). Upon discovering that Daniels had previously filed § 2255 motions challenging his conviction, the previously-assigned magistrate judge ordered him to Show Cause why the Motion should not be dismissed as successive. (Doc. # 6). Specifically, the order required Daniels to submit an order from the Eleventh Circuit Court of Appeals allowing him to bring this successive Motion; it warned Daniels that failure to do so would result in dismissal. (*Id.* at 4). As noted in the Report and Recommendation (Doc. # 14 at 1-2 (citing Movant's

---

[1] Daniels may also apply directly to the Eleventh Circuit Court of Appeals for a Certificate of Appealability. However, if what Daniels seeks is an order allowing him to bring a successive petition, direct appeal will likely be fruitless. If Daniels wishes to file a successive § 2255 motion, he should move the Eleventh Circuit—in a separate action, rather than by way of a direct appeal—for permission to do so, consistent with the provisions of 28 U.S.C. § 2255(h).

responses)), Movant did file pleadings in response (Docs. ## 8-9) to the Show Cause Order. However, these responses did not include an order from the Eleventh Circuit allowing this court to hear this successive § 2255 Motion. Accordingly, Movant's objection on the following grounds are without merit: (1) that he complied with the Order to Show Cause; (2) that the Motion is not successive; and (3) that the court has jurisdiction to hear this successive Motion.

The only issue in this case is whether Daniels is permitted to bring this successive Motion. He is not and the record in this case "conclusively show[s] that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The only evidence that could change this conclusion is an order from the Eleventh Circuit allowing Daniels to bring a successive § 2255 motion. Daniels has been given an opportunity to submit such an order, and has failed to do so. Accordingly, there is no need to have an evidentiary hearing, hear additional evidence, or call any witnesses in this case; Movant's objections on these grounds are without merit. For the same reason, the claims presented in the Motion do not present issues fairly debatable among reasonable jurists. As such, Movant's motion for a COA is due to be and is hereby DENIED. For the same reasons, Movant's currently pending Motion for Leave to Proceed *in forma pauperis* on Appeal (Doc. # 13) is hereby DENIED.

Having carefully reviewed and considered *de novo* all the materials in the court file, the Court is of the opinion that the magistrate judge's findings are due to be and are hereby ADOPTED and his recommendation is ACCEPTED. To the extent that Movant's filings of December 16, 2013, (Docs. ## 15-16), are construed as interposing objections to the report and recommendation, such objections are due to be and hereby are OVERRULED. To the extent that Movant's filings (Docs. ## 15-16) are construed as motions, they are due to be and hereby are DENIED. Accordingly, the Motion is due to

be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction as successive. A Final Judgment will be entered.

As to the foregoing it is SO ORDERED this the 18th day of December, 2013.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
174256